**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ADELENA ESCOBAR, | No. EDCV 10-771 CW |
| Plaintiff, | DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

### I.  BACKGROUND

Plaintiff Adelena Escobar was born on January 27, 1959, and was 50 years old at the time of her administrative hearing. [Administrative Record ("AR") 20, 87.]  She has a twelfth grade

education and past relevant work experience as an in-home support services caretaker and a retail stocker. [AR 16, 102.] Plaintiff alleges disability on the basis of carpal tunnel syndrome, depression, anxiety, schizoaffective disorder, rheumatoid arthritis, and osteoporosis in the right knee [AR 40.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on May 24, 2010, and filed on June 2, 2010.  On November 26, 2010, Defendant filed an answer to the complaint and plaintiff's Administrative Record ("AR").  On January 27, 2011, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

On September 26, 2007, Plaintiff filed an application for supplemental security income ("SSI"), alleging disability beginning June 1, 2001. [AR 8, 87.]  After the application was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on August 10, 2009, before an Administrative Law Judge ("ALJ"). [AR 18.]  Plaintiff appeared with counsel, and her testimony was taken.  [AR 20.]  The ALJ denied benefits in a decision filed on October 20, 2009. [AR 17.]  When the Appeals Council denied review on April 23, 2010, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of

legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir. 2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." <u>Reddick</u>, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." <u>Id</u>. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." <u>Id</u>. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

>Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age,

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to

education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date (step one), that Plaintiff had "severe" impairments, namely obesity and degenerative joint disease in the knees (step two), and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 10-11.] Plaintiff was assessed an RFC enabling her to perform the full range of medium work. [AR 11.] Based upon Plaintiff's RFC, the ALJ found that Plaintiff could perform her past relevant work as an in-home support services caretaker and a retail stocker as actually and generally performed in the national economy (step four). [AR 16.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

**C. ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies three disputed issues:

1. Whether the ALJ properly assessed the lay statement of Sandra Hansley, Plaintiff's Twelve-Step sponsor;
2. Whether the ALJ properly assessed the lay statement of Breana Perez, Plaintiff's daughter; and
3. Whether the ALJ properly assessed Plaintiff's ability to perform her past relevant work.

---

work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

[JS 2.]

As discussed below, Issue Three is dispositive.

**D.   DISCUSSION**

As noted, the ALJ held that Plaintiff has the residual functional capacity to perform a full range of medium work. [AR 11.]  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  Social Security Ruling ("SSR") 83-14.  "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday."  SSR 83-10.  Accordingly, the ALJ found that Plaintiff is capable of performing her past relevant work as an in-home support services caretaker and a retail stocker, based on how the jobs are actually and generally performed in the national economy [AR 16.]  Plaintiff claims that the ALJ's finding was conclusory, and that the ALJ failed to conduct a proper analysis with respect to this issue.

In the Ninth Circuit, a step four finding must include "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work."  Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001).  Although the claimant continues to bear the burden of proof at step four in the sequential evaluation, the ALJ "still has a duty to make requisite factual findings to support his conclusion."  Id. at 844.

Here, there was no explanation for the ALJ's step four finding that Plaintiff could perform her past relevant work as it was actually or generally performed.  Although the ALJ found that Plaintiff could perform medium level work, none of the usual sources of evidence as to

the physical and mental demands of a claimant's past relevant work, such as vocational expert testimony, the Dictionary of Occupational Titles ("DOT"), or the claimant's own testimony, were referenced in the decision; nor was there reference to any other evidence of the functional demands of Plaintiff's past relevant work. Under these circumstances, "the court has no basis on which to review the agency's decision" that Plaintiff could perform her past relevant work. Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1167 (9th Cir. 2008)(reversing where ALJ relied on generic occupational classification at Step four without explanation because "the ALJ failed sufficiently to support his conclusion"); see also Pinto, 249 F.3d at 847 ("Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review" (citation omitted)). Accordingly, reversal and remand for further administrative proceedings are appropriate.

### E. REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id. Here, as set out above, outstanding issues remain before a finding of

disability can be made.[2] Accordingly, remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: April 8, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[2] The remaining issues raised by Plaintiff in the Joint Stipulation would not direct a finding of disability on the basis of the current record.